# CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Lorna K. Barnes

v.

Dennis N. Barnes

June 8, 1998

Case No. CH38203

BY JUDGE FRANK A. HOSS, JR.

This matter was on the court's Motion's Day docket on Friday, June 5, 1998, on the motion of Mrs. Barnes to reinstate this court's final divorce decree entered on May 22, 1997, dissolving the marriage and resolving the property rights of the parties pursuant to the equitable distribution statutes, and upon the motion of Mr. Barnes to set aside the equitable distribution portion of that decree as being void inasmuch as Mr. Barnes had filed bankruptcy prior to the hearing and the entry of the decree. For the reasons set out below, the court denies the motion to set aside the decree and will enter an order reinstating the rulings set forth in the aforesaid decree.

This case was set for trial at the October, 1996, term day docket and was scheduled to be heard on January 21, 1997. On that day, the matter was continued by consent decree to April 30, 1997. On April 30, 1997, the parties, counsel, and witnesses appeared for trial. Mr. Barnes moved the court to stay the proceeding stating as his grounds therefor that he had filed a Suggestion of Bankruptcy, which, in fact, had been filed with the clerk of this court two days earlier. Neither the Suggestion of Bankruptcy nor the oral motion made by Mr. Barnes on the morning of trial was accompanied by a copy of the bankruptcy petition certified by the Clerk's Office of the Bankruptcy Court or a certification from the Bankruptcy Court that the bankruptcy had, in fact, been filed. This court denied the motion to stay the proceedings, and the matter went forward. Both parties fully submitted their evidence, and the arguments of their counsel were heard and considered by the court. The court

made findings of fact and made rulings concerning the property of the parties that were eventually memorialized in the aforementioned final decree.

Later, by order entered on July 23, 1997, the United States Bankruptcy Court "vacated as void with respect to the three real properties" the final decree of this court. The bankruptcy petition of Mr. Barnes was dismissed by Order of the United States Bankruptcy Court dated March 31, 1998. (The matter had been earlier dismissed on October 14, 1997, by the Bankruptcy Court but was later reinstated by that Court by Order dated January 6, 1998.)

In my view, the final dismissal of the bankruptcy proceedings of Mr. Barnes now enables this court to reinstate its former decree. There has been no challenge mounted as to the integrity of the fact-finding process that this court employed at the full hearing on the merits held in April, 1997. In my view, the ruling of the Bankruptcy Court vacating said decree only voided the effect of the decree; it did not void the underlying fact-finding and dispute resolutions made by this court.

The court takes no action at this time on the motion of Mrs. Barnes for attorney's fees. The court reserves that ruling until after observing how Mr. Barnes responds in abiding by and putting into effect the rulings of the final decree now reinstated.